TOWN OF WEST HARTFORD ET ALS. *v.* WILLIAM J. WILLETTS, RECEIVER, ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 7—decided March 8, 1939.

The appellee (defendant Anderson) filed a motion to dismiss the appeal, which was denied.[1]

[1] PER CURIAM.  The plaintiff town and its town clerk and building inspector brought this action against Grace Newton Anderson and William J. Willetts, receiver, seeking a declaratory judgment to determine, first, whether or not the receiver and the corporation which he represents had lost the right to sell alcoholic beverages on its premises in the defendant town, and secondly, whether the plaintiff had a duty to certify that the zoning ordinances or by-laws of the town do not prohibit the sale of alcoholic liquor on the premises in the town owned by the defendant Anderson.  The case necessarily involved an interpretation of certain zoning regulations of the town.  The defendant Anderson had applied for the certificate mentioned in the complaint and the trial court advised that the plaintiffs were under a duty to issue it.  As to the receiver, the trial court decided in effect that, as there was no allegation in the pleadings that either he or the corporation had made application for "permission to sell," no question for determination by the court was presented.  The receiver has filed an appeal, and the defendant Anderson now moves to have it dismissed on the ground that the receiver is not aggrieved by the judgment entered.

The receiver was made a defendant, summoned into court, filed an answer, and the question whether he or the corporation he represents had lost the right to sell liquors on the premises was litigated before the court.  Whether or not he or the corporation had sought a certificate from the town officers that the premises might be used for the sale of liquor or a permit from the liquor control commission, the right to use the premises for that purpose may well be valuable.  If they may be so used the amount which would be realized on a sale in receivership, should that be ordered, might well be considerably greater than if the right to use them for that purpose no longer existed.  The effect of the decision of the trial court as regards the receiver and the corporation was that they cannot have the question of the existence of the right to sell liquor determined until an application for a certificate or a permit for such sale has been made.  One of the assignments of error apparently claims that the corporation had not ceased to use its premises for a sale of liquor within the meaning of the ordinance in question.  That aside, the present determination of the question whether the right to sell liquor has been lost may be of very real benefit to the receiver as representing the corporation and its creditors.  This is an action for a declaratory judgment; and the receiver may well claim to have been aggrieved by the refusal of the trial court to pass upon the question.  *Sigal* v. *Wise*, 114 Conn. 297, 302, 158 Atl. 891; *Moeller* v.

*Stanley D. Fisher,* for the appellant (named defendant).

*Max L. Goldenthal,* for the appellee (defendant Anderson).

*Richard H. Deming* and *Arthur E. Howard, Jr.,* appeared for the plaintiffs.

MALTBIE, C. J.   This is an action for a declaratory judgment, brought by the plaintiff town and its town clerk and building inspector.   There is no finding of facts and the appeal must be determined upon the basis of the allegations in the pleadings, substantially all of which are admitted.   On August 6, 1935, the town enacted an ordinance which, so far as pertinent to our inquiry, provided in substance that, in a business or industrial zone no building should be used for the sale of alcoholic beverages to be consumed on the premises if it was within fifteen hundred feet of other premises used for a like purpose, but added this: "The provision of this regulation shall not be deemed to be retroactive, except that where a place existing for the selling of alcoholic beverages for consumption on the premises previously in use has been discontinued for a period of thirty days, such use shall not be resumed except in conformity with this regulation."   On the date this ordinance was enacted the premises of the Englewood Diners, Incorporated, and of Welch's Tavern, which were within fifteen hundred feet of each other, were both used for the sale of alcoholic beverages within the purview of the ordinance.   On September 10, 1936, the use of Welch's Tavern for this purpose was discontinued.   Since August 1, 1938,

*English,* 118 Conn. 509, 514, 173 Atl. 389; *Sage-Allen Co., Inc.* v. *Wheeler,* 119 Conn. 667, 673, 179 Atl. 195.
    The motion to dismiss the appeal is denied.

no alcoholic beverages have been sold on the premises of the Englewood Diners, and on August 26, 1938, the defendant Willetts was confirmed as receiver. On September 7, 1938, application was made by the defendant Anderson to the town clerk for a certificate that the zoning ordinance of the town did not prohibit the sale of liquors on the premises occupied by Welch's Tavern. The plaintiff sought a judgment declaring whether Englewood Diners and its receiver had lost the right to sell liquor on its premises and whether the defendant Anderson was entitled to the certificate for which she applied. The judgment of the court was that the first question was not pertinent to any issue properly presented upon the pleadings and that the defendant Anderson was entitled to the certificate she sought.

The concluding provision of the ordinance above quoted is certainly not very clearly expressed, but the purpose is plain. If, at the time of its enactment, there were two places within fifteen hundred feet of each other both being used for the sale of alcoholic beverages for consumption on the premises that use might be continued as to both; but after it was discontinued as to either for a period of thirty days it could not be resumed there if another place within fifteen hundred feet of it was being used for such a purpose. As the use of Welch's Tavern for that purpose had been discontinued on September 10, 1936, it could not, under the ordinance, resume that use and the defendant Anderson was not entitled to the certificate she sought if the use of the premises of the Englewood Diners for that purpose had not been discontinued for a period of thirty days, within the meaning of the ordinance. Whether there had been such a discontinuance was a question necessarily involved in determining whether the defendant Ander-

son was entitled to the certificate she sought; it was pertinent to the issue actually decided by the trial court and no allegation that the Englewood Diners or Willetts as receiver had actually applied for a certificate was necessary to present it. The statement in the complaint that the use of the premises of the Englewood Diners for the sale of alcoholic beverages had been discontinued for more than thirty days, with the qualified admission in the answer of the receiver that no such beverages had been sold upon the premises for that time but that their use for such a purpose had not been discontinued within the meaning of the ordinance, afforded an ample basis for the adjudication of the issue presented.

The trial court was in error in the judgment it rendered in failing to consider whether there had been a discontinuance of the use of the premises of the Englewood Diners for the sale of alcoholic beverages within the meaning of the ordinance. If, however, the admitted fact that if the failure to use those premises for the actual sale of liquors for a period of thirty days constituted as matter of law a discontinuance of their use for that purpose within the meaning of the ordinance, the defendant Anderson would be entitled to the certificate sought and the result reached by the trial court would be correct.

In *Darien* v. *Webb*, 115 Conn. 581, 162 Atl. 690, we had before us a very similar question. The zoning regulations of the plaintiff town contained a provision that a nonconforming use existing at the time they were adopted might be "continued." The building in question was used as a restaurant or tea room, a nonconforming use, when the regulations were adopted, but thereafter it was, except for a short period, used as a residence or for purposes other than a restaurant or tea room or else remained idle for some three years;

the question was whether the nonconforming use of the building at the time the regulations were adopted had been "continued." We stated (p. 586) the purpose of the provision permitting the continuance of a nonconforming use and of the loss of the right when that use was not continued, a statement applicable to the situation before us but not necessary to repeat; and we said: "Temporary nonoccupancy of the premises or interruption or suspension of a nonconforming use without substitution of a conforming use or conduct significant of abandonment would not work a termination of the right to resume the former, but this result ensues from such a definite and substantial departure from the previously existing conditions and nature of use as is constituted by the use of the defendant's premises for residence purposes in 1927 and 1928. The resumption of business uses thereafter cannot fairly be regarded as a 'continuance' of the business uses which preceded the period of residential occupancy." In *Haller Baking Co.'s Appeal*, 295 Pa. St. 257, 263, 145 Atl. 77, it was held that a provision permitting the continuance of a nonconforming use existing at the time of the adoption of a zoning ordinance did not mean that at that time a building must necessarily be in actual use for the nonconforming purpose if it had been so used and was adapted to and intended to be put to a continuance of it as soon as circumstances permitted and that a discontinuance of such a use meant in effect an abandonment of it. In *State ex rel. Schaetz* v. *Manders*, 206 Wis. 121, 238 N. W. 835, the case was that a corporation which as a tenant had been using a building as a dairy, a nonconforming use, became insolvent, a receiver was appointed who did not continue the business and the building was not used for about a year when, the re-

ceivership being ended, the owner entered into a contract for its sale to a man who proposed to conduct a dairy business in it; a permit being denied, some three months later the owner applied for a permit to remodel the building for use as a dairy but this also was denied. The ordinance in question provided that if a nonconforming use was "discontinued" any future use of the premises must be in conformity with the provisions of the ordinance. The court, in sustaining the issuance of a writ of mandamus directing the granting of the permit, said (p. 124): "We agree with the circuit court that 'discontinuance,' as it is used in the ordinance, cannot mean a temporary nonoccupancy of the building or a temporary cessation of the business. . . . The word 'discontinuance' as it is used in the ordinance is synonymous with abandonment. It connotes a voluntary, affirmative, completed act. We think the right secured to the owner by the terms of the ordinance is not lost by either accident or unpropitious circumstances over which he has no control which brings about a mere suspension of the nonconforming use. It is a right extended to him to be enjoyed by him until he voluntarily relinquishes or abandons it."

At the time the defendant Anderson applied for the certificate, thirty-eight days had elapsed since the actual use of the premises of the Englewood Diners, Incorporated, for the sale of alcoholic liquors had ceased. But this would not necessarily establish that the use had been discontinued within the meaning of the ordinance and the question would be one of fact for the determination of the trier in the light of all the relevant circumstances which might be proven. That being so, the erroneous conclusion of the trial court requires that the case be remanded for further proceedings.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.