ABRAHAM S. ULLMAN, STATE'S ATTORNEY, EX REL. CHARLES ERAMO *v.* RUTH E. PAYNE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued October 1—decided November 6, 1940.

*William J. McKenna,* for the appellant (plaintiff).

*Edward M. Rosenthal,* with whom, on the brief, was *Carl H. Mueller,* for the appellee (defendant).

JENNINGS, J. This case involves the meaning of the word "discontinued" as used in the Meriden zoning ordinance. It was tried on an agreed statement of facts, adopted as the finding, which may be summarized as follows: A package store was conducted by Charles Malloy in the property at 123½ West Main Street, Meriden, from June 30, 1936, to June 30, 1939. He then vacated the premises, taking with him his personal property except two side wall cases, used for keeping liquor on display for sale, which were pur-

chased by his landlord and his sign, containing his name together with the words "Liquor and Package Store" which remained on the premises. From July 1, 1939, to November 8, 1939, the store was unoccupied because the landlord was trying to rent it for a package store. On the latter date it was rented to and occupied by a photographer on a month to month basis, for the same reason. On January 1, 1940, the landlord notified the photographer that he had obtained a tenant for a package store and the photographer moved out on January 8, 1940. The wall cases and sign were still there.

On January 1, 1940, Vetro's Package Stores, Inc., agreed to lease the premises for five years for the purpose of conducting a package store. Thereupon the relator as permittee with Vetro's Package Stores as his backer, made application for a permit. This application was presented to the defendant for certification. It is part of her duty as city clerk to certify that the ordinances and by-laws of Meriden do not prohibit the sale of alcoholic liquors at the place in question when this is the fact. No permit may be granted by the liquor control commission without such certification. The application was certified on presentation but thereafter, on January 26, 1940, the certificate was withdrawn.

The zoning ordinance of Meriden provides that no premises shall be used as a package store if they are within one thousand feet of an existing package store. It then continues: "Sec. 2. The provisions of the foregoing section shall not be deemed to be retroactive and shall not apply to buildings or premises now in use by package stores selling beer and alcoholic liquors except that when such existing package store use has been discontinued for a period of 40 days, such use

shall not be resumed except in conformity with the foregoing provision. . . ."

The question is, could the trial court reasonably reach the conclusion from these agreed facts that there was a discontinuance of the business for more than forty days within the meaning and intendment of the ordinance? Whether or not the finding reasonably supports a conclusion is reviewable in this court on appeal. *Newtown* v. *Southbury,* 100 Conn. 251, 253, 123 Atl. 278.

The facts found do not appear under the decisions to support this conclusion. The word "discontinue" contains the element of intention and means more than mere suspension. *State ex rel. Schaetz* v. *Manders,* 206 Wis. 121, 123, 238 N.W. 835. It is equivalent to abandonment. *Haller Baking Co.'s Appeal,* 295 Pa. St. 257, 262, 145 Atl. 77. Time is not an essential element of abandonment although it is evidential, especially in connection with facts evidencing such intention. *Landay* v. *Board of Zoning Appeals,* 173 Md. 460, 469, 196 Atl. 293 (three years); Note, 114 A.L.R. 991. The first two of these cases are cited with approval in the recent case of *West Hartford* v. *Willetts,* 125 Conn. 266, 5 Atl. (2d) 13, which in turn followed *Darien* v. *Webb,* 115 Conn. 581, 162 Atl. 690. See also *Lehmaier* v. *Wadsworth,* 122 Conn. 571, 576, 191 Atl. 539. It would not have been difficult to provide that mere nonuser should terminate the right had the legislative body so desired. For example, the wording quoted in *Wilson* v. *Edgar,* 64 Cal. App. 654, 656, 222 Pac. 623, is "and provided further that any such building or premises which is not used for such nonconforming use for a period of 180 days" must thereafter conform.

A use, as illustrated by these cases, is not discontinued within the meaning of the ordinance by a mere

temporary suspension for a reasonable time, for reasons beyond the owner's control, where there exists a manifested intention on the part of the owner to resume the nonconforming use as soon as a tenant can be obtained. The finding brings this case within the rule. It does not support the conclusion. On the contrary, it necessarily follows that the plaintiff is entitled to the certification requested.

The appellant relies on the principle enunciated in *Darien* v. *Webb*, supra, 587, to the effect that an unmanifested intention not to abandon the nonconforming use is immaterial. The only fair meaning of the finding is that the intention of the owner to continue the use of the package store as such was manifested by his purchase and retention of the fixtures adapted to that use and his continual efforts to rent the store for that purpose, even while it was temporarily rented to the photographer. No such intention to continue the nonconforming use was shown in the *Darien* case.

There is error and the case is remanded with direction to enter judgment for the plaintiff.

In this opinion the other judges concurred.