The brevity of the within memorandum is not to be construed by counsel as an indication that the court has not fully considered all aspects of the case. In an appeal of this character the decisive question is whether the zoning board has acted illegally, arbitrarily, or so unreasonably as to have abused its discretion in denying the appellant permission to conduct business of a nonconforming character upon the premises in question. See DeFelice v. Zoning Board of Appeals,130 Conn. 156, 164, and cases there cited.
It appears that the appellant's position and claim of personal hardship were fully explained to the board at the hearing last summer. It further appears that the board concluded, among other things, that upon the subordinate facts as presented the application violated the provisions of § B3(b) and (d).
The appellant argues that she never intended to abandon the right to have liquors sold upon the premises in conjunction with a restaurant business. On this aspect the board could have found, and the court finds, that the appellant recognized that her own condition of health prohibited her from personally conducting *Page 88 
any business activities upon the premises after February, 1941, but that she did have in mind that some day in the future the opportunity might present itself to lease or sell the property advantageously and that the lessee or new owner would perhaps be in a position to resume the sale of liquors thereon as an adjunct to a restaurant business; and that such opportunity did not present itself until May, 1945, more than four years later, in the persons of two lessees on a five-year term.
Whether or not the use of premises for the sale of alcoholic liquors has been discontinued or abandoned within the meaning of a zoning regulation is a "question . . . of fact for the determination of the trier in the light of all the relevant circumstances which might be proven." West Hartford v. Willetts,125 Conn. 266, 273.
Notwithstanding the fact that the appellant permitted bar and cocktail room accessories to remain intact during the period following February, 1941, there still remains the aspects of a lapse of more than four years and, on occasion, other incidental uses of the property during that interval.
The court is not permitted "to substitute its finding and conclusions for the decision of the board." Blake v. Board of Appeals,117 Conn. 527, 532. Neither can the court "upon facts found by itself or upon the record of the proceeding before the board, substitute its discretion for that reposed in the board."Colonial Beacon Oil Co. v. Zoning Board of Appeals,128 Conn. 351, 355. The discretion vested in the board is a liberal discretion "to be overruled only when it is found that the board has not acted fairly, with proper motives and upon valid reasons."First National B. T. Co. v. Zoning Board of Appeals,126 Conn. 228, 237. "The power to authorize such a variation is only granted for relief in specific and exceptional instances, and is to be sparingly exercised." DeFelice v. Zoning Board ofAppeals, supra. The fact that the appellant is aggrieved financially by the action of the board does not in itself alter the legal situation. See memorandum of the trial court in the DeFelice
case (11 Conn. Sup. 18, 26) and cases there cited.
 Applying these principles it follows that the action of the board is not subject to reversal. Judgment will enter affirming its action and dismissing the appeal.