JOSEPH DUBITZKY *v.* LIQUOR CONTROL COMMISSION ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued November 6—decided December 8, 1970

*Gerald W. Brady,* assistant corporation counsel, for the appellant (intervening defendant).

*Elihu H. Berman,* for the appellee (plaintiff).

No appearance for the named defendant.

ALCORN, C. J.   The plaintiff is the owner of premises at 35 Burnside Avenue in the town of East Hartford.   On January 3, 1969, he applied to the liquor control commission for a druggist liquor permit for the premises.   On April 28, 1969, following a hearing, the commission denied the application on the ground that "[t]he Commission finds the granting of a Druggist Liquor Permit at this location would be in violation of the zoning ordinance of the Town of East Hartford."   The plaintiff appealed to the Court of Common Pleas and the town of East Hartford intervened as a party defendant.   The court sustained the appeal and rendered judgment reversing the commission's decision.   The case comes to us on appeal by the town of East Hartford from that judgment.   We conclude that the trial court was correct in sustaining the appeal.

General Statutes § 30-44 requires, in pertinent part, that the defendant liquor control commission refuse to issue a druggist liquor permit "where prohibited by the zoning ordinance of any city or town".   The plaintiff had operated his premises at 35 Burnside Avenue as a drugstore and had sold liquor in it under appropriate permits issued by the liquor control commission from 1930 until December 31, 1958.   While the plaintiff was operating the premises, the town adopted zoning regulations which prohibit the sale of liquor within 1500 feet of another liquor outlet.   The plaintiff's premises were within a restricted area, but under General Statutes § 8-2 and § 282 of the East Hartford zoning

regulations adopted in conformity therewith, the plaintiff was permitted to continue his activity on the premises as a nonconforming use.

On December 31, 1958, the plaintiff surrendered his own liquor permit and leased the premises for a term of seven years with an option to renew for an additional three years to a lessee who continued to operate the premises as a drugstore under a druggist liquor permit as a nonconforming use. The lease contained a provision, in substance, that it should be forfeited if the lessee closed the business for the purpose of causing a loss of the liquor permit or rights under the East Hartford zoning ordinance or for the purpose of establishing a competitive business. The option to renew was exercised by the lessee and the lease expired by its terms on December 31, 1968.

For some months prior to the termination date, the plaintiff and the lessee attempted unsuccessfully to negotiate a new lease. In anticipation of an unfavorable outcome of the negotiations, the plaintiff's attorney wrote to the liquor control commission on August 28, 1968, stating, in substance, that the lease on the premises would expire on December 31 of that year, that the lessee had given indication that he would discontinue the sale of liquor before that date and that the plaintiff planned to operate the drugstore after the termination of the lease and requested the necessary forms for an application for a druggist liquor permit. In the same letter the commission was asked to notify the plaintiff in the event that the lessee took any action prior to December 31 which would affect the plaintiff's right to obtain a liquor permit. This was followed by another letter to the commission on October 8, 1968, stating, in substance, that its pur-

pose was to make clear that the plaintiff did not intend to abandon the premises for use as a liquor outlet, that he had obtained approval certificates from the zoning authority and the town clerk, and that he was awaiting approval by the pharmacy commission which would not be forthcoming until after November 12. The letter also advised of a threat by the lessee to discontinue the sale of liquor in a manner to destroy the plaintiff's right to a liquor permit.

On November 8, 1968, the lessee notified the East Hartford zoning board of appeals by letter that he had returned his liquor permit to the liquor control commission and that the premises were no longer a retail liquor outlet but that he retained the lease of the premises until December 31, 1968, and would continue to operate a pharmacy without a liquor permit. Section 282 of the East Hartford zoning ordinance provided that, in the case of any building or premises used for the sale or exchange of spirits or alcoholic beverages at retail, where such use "has been voluntarily discontinued or has been voluntarily inoperative for a period of thirty (30) days, such use shall not be resumed except in conformity with the provisions of paragraph 281.3." Section 281.3 is the section which imposed the 1500-foot restriction. On November 15, 1968, the plaintiff's attorney forwarded to the commission the plaintiff's application for a druggist liquor permit and a certificate from the zoning authority and the town clerk of East Hartford that there was no zoning violation, together with a certified check for the necessary fees. The letter also indicated the writer's understanding that the lessee of the premises had discontinued the sale of liquor on November 8 for the stated purpose of making it impossible for the plain-

tiff to obtain a permit and that the authorities in East Hartford had purported to withdraw the certification previously granted. On November 21, 1968, the plaintiff's attorney wrote the director of the department of inspections and permits in East Hartford indicating, in substance, that the plaintiff had no intention of abandoning the present nonconforming use of the premises at 35 Burnside Avenue, that the lessee had broken his lease, and that the plaintiff fully intended to resume the sale of liquor on the premises at the first opportunity, either at the expiration of the lease or upon obtaining earlier possession. By process dated November 25, 1968, the plaintiff's attorney brought an action in the Superior Court seeking to enjoin the lessee, reliance being placed principally on the provision in the lease heretofore referred to. Injunctive relief was refused for reasons which are not disclosed in the record. By process dated December 11, 1968, the plaintiff's counsel brought an action in the Superior Court seeking a mandamus against the director of inspections and permits of East Hartford to compel him to certify that the zoning ordinance did not prohibit the sale, on the premises, of liquor under a druggist permit. This action was also unsuccessful for reasons which do not appear in the record.

The lessee continued to occupy the premises on which he operated a drugstore until December 16, 1968, when he vacated the premises and opened a drugstore on premises which he had purchased nearby. The plaintiff immediately took possession of the vacated premises and, on January 3, 1969, commenced operation of a drugstore there. He simultaneously applied for a druggist liquor permit as already recited with the result previously stated.

On the foregoing facts the question presented is whether the right to maintain a nonconforming use is lost by the action of a lessee in terminating that use when the owner of the property had no intent to terminate the nonconforming use and the termination of it by the lessee occurred under circumstances beyond the owner's control. It is clear that since November 8, 1968, the premises had ceased to be operated as a drugstore with a druggist liquor permit. The relevant ordinance purported to prohibit the resumption of the preexisting nonconforming use if it had been "voluntarily discontinued" or "voluntarily inoperative" for a period of thirty days. Obviously the thirty-day period had passed without the premises being operated under a druggist liquor permit. The question is thus narrowed as to whether the nonconforming use had been "voluntarily discontinued" or "voluntarily inoperative" for that period.

In *Darien* v. *Webb,* 115 Conn. 581, 162 A. 690, we held that an ordinance which provided that a previously existing use "may be continued" did not prohibit the reestablishment of such a use once it had been discontinued unless there was a definite intent on the part of the owner to abandon the use evidenced by overt acts or failure to act sufficient to constitute proof of that intent. In *State ex rel. Eramo* v. *Payne,* 127 Conn. 239, 242, 16 A.2d 286, we emphasized that the proof of the owner's intent was the crucial element in *Darien* v. *Webb.* See also *Lehmaier* v. *Wadsworth,* 122 Conn. 571, 191 A. 539; 2 Rathkopf, Zoning and Planning, p. 61-3. We have held that the word "discontinued" in ordinances prohibiting the resumption of a nonconforming use which has been discontinued for a specified period is equivalent in meaning to "aban-

doned", and evidence of an intent by the owner permanently to cease the use is required, and we have held that the mere fact of nonuser for a period is insufficient to constitute an abandonment. *State ex rel. Eramo* v. *Payne,* supra, 241; see also *West Hartford* v. *Willetts,* 125 Conn. 266, 5 A.2d 13; 2 Rathkopf, op. cit. § 4, p. 61-5.

It is to be particularly noted in the present case that the ordinance does not content itself with the use of the word "discontinued" alone but it provides that the premises must be "voluntarily discontinued". The language of the present ordinance, therefore, adds meaningful emphasis to the intent which we have held to be essential in order to demonstrate that a nonconforning use has been discontinued.

We come then to the effect of the words "voluntarily inoperative" in the ordinance. The town argues that the effect of the use of the disjunctive "or" and the use of the phrase "voluntarily inoperative" is to provide that the mere nonuse of the premises for the sale of alcoholic beverages for the thirty-day period results in a forfeiture of the nonconforming use. The town seeks authority for its proposition in *Berkman* v. *Board of Appeals on Zoning,* 135 Conn. 393, 64 A.2d 875. That case is not pertinent to the present inquiry, however, because that decision turned on the proposition that the owner of the premises in seeking a variance had failed to establish the necessary hardship to entitle him to that relief.

Here again the use of the word "voluntarily" to modify "inoperative" must be construed to indicate that something more than mere nonuse is required to work a termination. The word "voluntarily" means "of one's own free will". Webster, Third

New International Dictionary. We believe that the modification of the word "inoperative" by the word "voluntarily" dictates the conclusion that there must be a manifest intent to abandon the nonconforming use before it can be deemed to be terminated.

We come finally to whether the intent with which we should be concerned is the intent of the owner or the intent of the lessee. In *State ex rel. Eramo v. Payne,* supra, 241–42, we held the determinative intent to be that of the owner. The town argues that the lessee's intent should control because a liquor permit is a purely personal privilege which does not attach to any particular location and the owner of the property has no vested interest in the liquor permit issued to the lessee. The argument is correct only to the extent that a liquor permit is a purely personal privilege which does not attach to a particular location except so far as the permittee is authorized to engage in the sale of liquor at that location. *Cusano* v. *Dunn,* 137 Conn. 20, 74 A.2d 477. That principle has no bearing on the question of the intent which should control with respect to the termination of a nonconforming use because the nonconforming use relates to specific premises rather than to the personal permit to sell liquor there.

The evidence presented abundantly demonstrates that the plaintiff had a clear intent that the nonconforming use at 35 Burnside Avenue should not be discontinued. In the lease of the premises he attempted to guard himself against action by the lessee which would have that effect. When it became apparent that the lessee intended to vacate the premises, the actions and the efforts undertaken by the plaintiff with the aid of counsel indicated dramatically a lack of any intent voluntarily to dis-

continue the nonconforming use or to permit it to become voluntarily inoperative. The trial court was correct in concluding that the liquor control commission was not justified in refusing to issue the druggist liquor permit applied for on the ground that it was in violation of the East Hartford zoning ordinance.

There is no error.

In this opinion the other judges concurred.