The plaintiff Josephine Ganim has appealed from a decision of the defendant Zoning Board of Appeals of the Town of Fairfield (hereinafter "board") reversing a decision of the Planning Administrator of the Town of Fairfield (hereinafter "administrator") regarding a nonconforming use of certain property owned by the defendant Estate of Peter Gromoshak (hereinafter "estate.") The board's action was taken pursuant to Conn. Gen. Stat. 8-6 and the Zoning Regulations of the Town of Fairfield (hereinafter "regulations.") This appeal is brought pursuant to Conn. Gen. Stat. 8-8.
The parties have stipulated that the plaintiff owns property within a radius of one hundred feet of a portion of the land involved in the decision of the board. The plaintiff, therefore, is aggrieved. Conn. Gen. Stat. 8-8 (1). Smith v. Planning Zoning Board, 203 Conn. 317, 321-22 (1987).
The following facts are admitted or appear in the record: The estate is the owner of property located in a beach zone at 1007 Fairfield Beach Road which was operated for many years as a grocery store, known as Buddy's Store, by Peter Gromoshak prior to his death in January 1988. The store was operated as a nonconforming use under the regulations. CT Page 5540
In September 1990, the estate requested the administrator to issue a certificate of zoning compliance so that the nonconforming use of the property could be resumed. The administrator declined to issue the certificate. The estate appealed to the board requesting reversal of the administrator's decision.
On December 6, 1990, the board held a public hearing. Christine Gromoshak, the estate's executrix and sole heir, read an affidavit into the public record, in which she stated that she "attempted to continue the operation of Buddy's Store) by renewing the food license, cigarette license and liquor license. It has always been and is now my intention to obtain a tenant to continue the operation of Buddy's. I did not intend to abandon the continuance of aforesaid operation of Buddy's at any time since my father's death." She also stated that while making "every effort to obtain tenants to continue the operation of the store" those individuals who were interested "for one reason or another proved unsatisfactory." Her attorney indicated that at the time she had a possible tenant. No contrary evidence regarding the estate's intentions was offered.
By notice filed December 11, 1990, the board indicated that it voted on December 6, 1990 to grant the petition to reverse the decision of the zoning administrator.[1] As the board correctly noted at the hearing, the sole issue before it was whether or not the nonconforming use of the subject property had been discontinued within the meaning of the pertinent regulation which provided, at all times, that "[n]o nonconforming use . . . which shall have been discontinued for a continuous period . . . shall thereafter be resumed or be replaced by any other nonconforming use."[2] The question before the court is whether the board acted arbitrarily, illegally or abused its discretion in concluding that this language required it to examine the owner's intent to determine if the nonconforming use had been discontinued within the meaning of the regulation.
In hearing the appeal, the function of the board was to determine the legality and reasonableness of the administrator's decision and the board operated in a quasijudicial capacity. Spesa v. Zoning Board of Appeals, 141 Conn. 653, 656 (1954). A board has much broader discretion when it acts in a quasijudicial capacity than when it acts administratively. It has the authority to interpret the town's regulations and decide how they apply in a given case. Lawrence v. Zoning Board of Appeals, 158 Conn. 504,513 (1969); Stern v. Zoning Board of Appeals, 140 Conn. 241,245 (1953). The board must "determine the applicability of the law to a given state of facts presented to it." Pascale v. Zoning Board of Appeals, 150 Conn. 113, 117 (1962). CT Page 5541
This court has "to decide whether the board correctly interpreted the regulation[s] and applied [them] with reasonable discretion to the facts." Id. The court concludes that the board correctly read the regulation to require it to examine the estate's intentions regarding discontinuance of the nonconforming use.
Here, the board's decision to grant the estate's appeal was premised on all the testimony given. In the absence of stated reasons, this court looks at the entire record to find a basis for the board's decision. Zieky v. Town Plan and Zoning Commission,151 Conn. 265, 267-68 (1963); Manchester v. Zoning Board of Appeals, 18 Conn. App. 69, 71 (1989).
The plaintiff argues that this case is controlled by Essex Leasing, Inc. v. Zoning Board of Appeals, 206 Conn. 595 (1988). In Essex, the Supreme Court determined that a municipality could, under the then governing statutory language,[3] terminate a nonconforming use solely because of nonuse for a specified period without regard to the owner's intent. Id. at 607. However, the regulation under consideration in Essex was considerably different than the regulation here in that the applicable portion provided that a nonconforming use could not be resumed "[i]f such use . . . has not existed for a period of one year from the date of cessation . . . ." The Supreme Court refused to consider the term "cessation" synonymous with "discontinuance" and concluded that "the term `cessation' does not . . . interpose an intent standard in the regulation." Id. at 601.
Here, however, the regulation provides that if a nonconforming use shall have been discontinued for a specified continuous period of time it shall not thereafter be resumed. "The word `discontinued' in ordinances prohibiting the resumption of a nonconforming use which has been discontinued for a specified period has been held to contain the element of intention and to require more than mere suspension or temporary cessation of use. (Citations omitted.) It has been considered equivalent in meaning to `"abandoned" and evidence of an intent by the owner permanently to cease the use [has been] required . . . .' Dubitzky v. Liquor Control Commission, [160 Conn. 120, 125-26 (1970)]." Magnano v. Zoning Board of Appeals, 188 Conn. 225, 228 (1982). See Point O'Woods Assn., Inc. v. Zoning Board of Appeals,178 Conn. 364, 369 (1979); Blum v. Lisbon Leasing Corp., 173 Conn. 175,181-82 (1977); State ex rel. Eramo v. Payne, 127 Conn. 239,241 (1940). Nothing in Essex changed this longstanding interpretation of such regulations.[4]
Thus, the board correctly concluded that it must examine the estate's intentions to determine whether the nonconforming use of the subject property was discontinued. The court cannot substitute its discretion as to the application of the regulations to the CT Page 5542 estate's situation for that of the board. "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion and its action is subject to review only to determine whether it was unreasonable, arbitrary or illegal." Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560-61 (1967); see Lawrence, 158 Conn. at 514; Horn v. Zoning Board of Appeals,18 Conn. App. 674, 676 (1989).
Discontinuance within the meaning of the regulation is a question of fact to be determined in light of all relevant circumstances. West Hartford v. Willetts, 125 Conn. 266, 272-73 (1939). The trier's conclusion as to the owner's intention is an inference of fact drawn from all the surrounding circumstances and is not reviewed unless unreasonable. Cummings v. Tripp, 204 Conn. 67,93 (1987), Blum, 173 Conn. 181-82.
The cases have identified various factors which demonstrate that a use has not been discontinued. For example, marketing the property with its nonconforming use as an asset demonstrates that the nonconforming use was not discontinued. Magnano,188 Conn. at 229. Likewise, seeking out an appropriate tenant, even if it takes some time to obtain one, demonstrates an intention to continue the nonconforming use. Eramo, 127 Conn. at 241-42.
Here, the facts of record clearly establish the estate's ongoing intention to continue the operation of the store by keeping licenses current and seeking to obtain a suitable tenant. The estate's "manifest intention . . . [was] to resume the nonconforming use as soon as a tenant [was] obtained." Eramo, 127 Conn. at 242. See Tripp, 204 Conn. at 93.
In argument, the plaintiff suggested that the evidence before the board was insufficient due to the estate's failure to present evidence of the time frame in which it took steps to continue the nonconforming use. However, "[t]ime is not an essential element of abandonment" Eramo, 127 Conn. at 241. For example, in Cummings v. Tripp, 204 Conn. at 92-95, the trier's conclusion that from 1945 to 1982 none of the owners had abandoned the right to rent the premises, a nonconforming use, was upheld even though the evidence established that the premises may not have been rented for at least a nine year period.[5]
In this case, the board had uncontradicted evidence that the estate sought to renew food, cigarette and liquor licenses, had been seeking a tenant since the time of Peter Gromoshak's death in 1988, and intended to continue the store's operation. Thus, the only evidence demonstrates continuous efforts to operate the store and to continue its status as a nonconforming use.
Based on all the facts of record, the board did not abuse its discretion CT Page 5543 or act unreasonably in concluding that the nonconforming use had not been discontinued. The board's factual conclusion is supported by the record and will not be disturbed by the court. For the foregoing reasons, the appeal is dismissed.