ESSEX LEASING, INC. *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF ESSEX ET AL.
(4644)
(4645)
(4646)

HULL, BORDEN and DALY, Js.

Argued November 12—decision released December 30, 1986

*Thomas P. Byrne, Peter M. Sipples* and *Jack E. Rutigliano,* for the appellants (defendants).

*Timothy S. Hollister,* with whom, on the brief, was *Eric Lukingbeal,* for the appellee (plaintiff).

BORDEN, J. The decisive issue in these consolidated appeals is whether the zoning regulations of the town of Essex effectively provide for termination of a nonconforming use of property, based on nonuse of the property for a period of one year without regard to any intent of the owner to relinquish the use. The trial court read the regulation in question to require such an intent. We hold that the regulation does not require such an intent, and find error.

The plaintiff, which is the owner[1] of the property in question, applied to the Essex zoning enforcement officer for a permit to continue using the property as a nonconforming business use. The zoning enforcement officer denied the plaintiff's application. The plaintiff appealed that decision to the zoning board of appeals. The board upheld the officer's decision on the basis that § 50E.1 of the zoning regulations does not require an intent permanently to discontinue a nonconforming use, and that the plaintiff had not used the property, within the meaning of that section, for a period of one year.

The plaintiff appealed to the Superior Court, claiming that the zoning regulations require an intent to discontinue the nonconforming use, and that the record was factually insufficient to support the board's decision. The court sustained the appeal, holding that § 50E.1 of the zoning regulations requires a showing of intent to relinquish a nonconforming use, and that the board did not consider any such intent. We granted the petitions for certification to appeal filed by the defendants, the Essex zoning commission, the zoning enforcement officer, the board, and two abutting property owners.

---

[1] At the time of its initial application to the zoning enforcement officer, the plaintiff was not the owner of the property but was a proposed user thereof. The plaintiff subsequently purchased the property while its appeal to the zoning board of appeals was pending.

Sections 50E, 50E.1, and 50E.2 of the Essex zoning regulations provide in pertinent part: "50E. TERMINATION. Except as provided in 50F. [which is not applicable to this case], no use of any land or improvement having a non-conforming characteristic and no non-conforming use or characteristic of land or improvement should be resumed or restored: 50E.1. CESSATION. If such use or characteristic has not existed for a period of one year from the date of cessation or from the effective date of the applicable regulation, whichever is later; or 50E.2. ABANDONMENT. If it is abandoned." The trial court reasoned that the word "cease" means "discontinue," that "discontinue" is synonomous with "abandon," and that both "discontinue" and "abandon" have been held to require an intent by an owner permanently to cease the nonconforming use of his property. See *Magnano* v. *Zoning Board of Appeals,* 188 Conn. 225, 449 A.2d 148 (1982). The court held, therefore, that "cessation" as used in § 50E.1 is synonomous with "discontinuance," and requires an intent permanently to cease the nonconforming use of the property.

The defendants argue that the trial court erred in this reading of § 50E.1. We agree.

Our Supreme Court has stated, albeit in dictum, that "a town may be able to fashion its zoning ordinance so as to make the cessation of use for a certain period alone a ground for extinguishing a nonconforming use . . . ." (Footnote omitted.) *Magnano* v. *Zoning Board of Appeals,* supra, 228; see also *State ex rel. Eramo* v. *Payne,* 127 Conn. 239, 241, 16 A.2d 286 (1940). In *Magnano* v. *Zoning Board of Appeals,* supra, 228–29, the court held that "Westbrook has not done so," and interpreted the word "discontinued" in the Westbrook zoning regulations to be synonomous with "abandoned" and thus to require intent. In this case, however, Essex has done so.

First, § 50E.2 provides for an alternate method of extinguishing a nonconforming use: "If [the use] is abandoned." The concept of abandonment of a nonconforming use as requiring an intent permanently to cease the use is well established in our zoning law. See *Magnano* v. *Zoning Board of Appeals,* supra; *Dubitzky* v. *Liquor Control Commission,* 160 Conn. 120, 125–26, 273 A.2d 876 (1970). Thus, under § 50E.2, where intent is required, no particular time period of nonuse is required. To hold that § 50E.1, which requires a one year period of nonuse, also requires intent would render § 50E.2 superfluous. See also *Canada's Tavern, Inc.* v. *Glen Echo,* 260 Md. 206, 271 A.2d 664 (1970), cited with approval in *Magnano* v. *Zoning Board of Appeals,* supra, 228 n.3. In *Canada's Tavern, Inc.* v. *Glen Echo,* supra, the Montgomery county code provided for extinguishment upon "the *cessation* of a nonconforming use for a period of six months or more." (Emphasis added.) Id., 207. The court held that this language did not require an intent to abandon.

Second, reading "cessation" as synonomous with "discontinuance," and thus with abandonment, effectively ignores the remainder of § 50E.1 and its implicit reference to § 50A. Section 50A provides: "50A. NON-CONFORMING USES AND IMPROVEMENTS. Except as otherwise expressly provided in these Regulations, a non-conforming use of any land or improvement or a non-conforming characteristic of any land or improvement, which has not been changed to conformity with these Regulations or otherwise terminated, may remain and be continued and shall not be required to conform to these Regulations." Section 50E.1 provides that a nonconforming use should not be resumed or restored "[i]f such use . . . has not existed for a period of one year from the date of cessation *or from the effective date of the applicable regu-*

*lation,* whichever is later . . . ." (Emphasis added.) The phrase in § 50E.1, "the applicable regulation," refers to the "Regulations" mentioned in § 50A.

It is clear that under this clause, "or from the effective date of the applicable regulation," no intent is necessary. Where, for example, the town amends its zoning regulations and thereby makes a parcel of then unused property nonconforming, if the owner does not use the property "for a period of one year . . . from the date of the applicable regulation," the nonconforming use is extinguished without regard to the owner's intent.

The conclusion of the trial court in this case would require intent where the owner ceased the nonconforming use and did not exercise it for a period of one year, but would not require intent where the owner did not exercise for one year a use which became nonconforming by virtue of a change in the zoning regulations. We see no justification in the regulations for such a distinction.

Third, this interpretation is consistent with the long standing policy of this state with regard to nonconforming uses. That policy is that " ' "nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit . . . ." ' " *Weyls* v. *Zoning Board of Appeals,* 161 Conn. 516, 520, 290 A.2d 350 (1971); see also T. Tondro, Connecticut Land Use Regulation, p. 73.

The plaintiff also claimed in its appeal to the trial court that the board erred in determining that the plaintiff had not used the property, within the meaning of § 50E.1, for a period of one year. The trial court did not rule on this claim because of its legal conclusion regarding the meaning of "cessation." Although the plaintiff in its brief in this court has attempted to supply this claim as an alternate ground for sustaining the

judgment of the trial court, we believe that it is better left to the trial court to determine. We therefore decline to review this claim.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.