[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present controversy involves two appeals; CT Page 3529 Essex Leasing v. Zoning Board of Appeals, CV 90 0057029 S, which stems from the Essex Zoning Enforcement Officer's (ZEO) and the Essex Zoning Board of Appeals (ZBA) denial of the plaintiff's (plaintiff) application for a permit to continue a nonconforming use and Essex Leasing v. Essex Zoning Commission, CV 89 0056301 S, which is the result of the plaintiff's challenge to the Essex Zoning Commission's (Commission) amendment of the Essex Zoning Regulations (Regs).
It is necessary to a proper understanding of the issues in this case to briefly recite the factual history of this dispute. The property in question is a building located within a residential zone in Essex, Connecticut. This building, known as "The Pratt Village Smithy", has been used for commercial purposes since the 17th century and was recognized after the adoption in 1966 of zoning regulations as a nonconforming use.
In 1983, Essex Leasing Inc. applied for a permit to continue the nonconforming use of this property. The ZEO denied the application on the grounds that the nonconforming commercial use of the property in a residential zone had been terminated by virtue of the lack of use of the property for one year and therefor the use could not be resumed. This decision was appealed to the ZBA which upheld the decision of the ZEO. The decision of the ZBA was appealed to the Superior Court on the issue of the ZBA's failure to consider the property owner's intent to terminate the nonconforming use.
In 1985 Barry, J. sustained the appeal of Essex Leasing, finding that the Essex Zoning Regulations do require consideration of the intent of the owner on the issue of abandonment of a nonconforming use.
The decision of the Superior Court (Barry, J.) was appealed by the ZBA to the Appellate Court which reversed and affirmed the ZBA's denial of the request to continue the nonconforming use. Essex Leasing, Inc. v. Zoning Board of Appeals of the Town of Essex, 9 Conn. App. 391. Essex Leasing appealed this decision to the Supreme Court of the State of Connecticut which granted a petition for certification and affirmed the Appellate Court's ruling that the consideration of the intent to terminate a nonconforming use was not required. The case was remanded to the trial court for a determination on the issue of whether the nonconforming use has been extinguished due to non-use or cessation for a period of one year. CT Page 3530
On September 13, 1988, Cretella, J., by Memorandum of Decision dated September 13, 1988 ruled that the nonconforming use of the "Pratt Village Smithy" had been extinguished due to nonuse or cessation for a period of one year ending in late 1982 or early 1983. This decision appeared to finally settle this dispute.
On June 26, 1989 Public Act 89-277, which forbids the termination of a nonconforming use without regard to the intent of the owner, was passed and this law became effective on October 1, 1989.
On October 2, 1989 Essex Leasing submitted an application for a permit to use the "Pratt Village Smithy" as a commercial use in a residential zone. The application was based upon the change caused by P.A. 89-277 which Essex Leasing believed would allow them to show that the nonconforming use has not terminated.
On October 16, 1990 the Essex Zoning Commission amended the Essex Zoning Regulations and attempted to limit the affect of P.A. 89-277 to "valid nonconforming uses in existence on or after October 1, 1989."
On October 30, 1989 the application submitted on October 2, 1989 for a permit to continue the nonconforming use of the property was denied. The ZEO cites the determination by Judge Cretella in his Memorandum of Decision dated September 13, 1989 that the nonconforming use had terminated. The ZEO also bases his decision on the belief that P.A. 89-277 does not benefit nonconforming uses which were not in existence on October 1, 1989.
November 22, 1989 Essex Leasing appealed to the ZBA the denial of the permit application.
January 2, 1990 the ZBA upheld the ZEO's decision to deny the permit citing the valid Superior Court decision that the nonconforming use was terminated and indicated that P.A. 89-277 did not retroactively afford Essex Leasing another opportunity to relitigate the issue of the termination of the nonconforming use.
The plaintiffs are the owners of the property in question and therefor qualify as an aggrieved person according to Sec. 8-8 of the Connecticut General Statutes.
The ZBA decides appeals from the decisions and rulings of the ZEO who is charged with the enforcement of the zoning regulations. Conn. General Statutes Sec. 8-6 (1). CT Page 3531
The plaintiff has appealed the decision of the ZBA pursuant to Sec. 8-8 (2)(b) of the Conn. General Statutes.
When the ZBA decides issues submitted to it in this fashion it acts in a quasi-judicial capacity. The ZBA is entrusted with the function of deciding, within prescribed limits and consistent with the exercise of legal discretion, whether an ordinance applies to a given situation, and the manner in which it does apply. Stern v. Zoning Board of Appeals, 140 Conn. 241, 245.
The instant case called for a determination by the ZBA of whether or not the plaintiff's application was properly denied by the ZEO based upon a prior application and denial on the same piece of property. On appeal, this court is not bound by the legal interpretation adopted by the ZBA. Melody v. Zoning Board of Appeals, 158 Conn. 516,518, since the interpretation involves a question of law for this court.
The first issue before the court, then, is the propriety of the ZBA relying on the 1983 decision rendered by Judge Cretella.
The goal of zoning regulations and the policy of ZBA's is that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit. Weyls v. Zoning Board of Appeals,161 Conn. 516. The ZBA has relied upon Connecticut law which states that final judgments rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, are conclusive of causes of action and of facts and issues thereby litigated as to the parties and their privies in all other actions in the same or in any other judicial tribunal of concurrent jurisdiction. Wade's Diary, Inc. v. Fairfield,181 Conn. 556.
This court's function in reviewing the actions of the ZBA is restricted to a determination whether the decision reached by the board was unreasonable, arbitrary or illegal Schwartz v. Planning and Zoning Commission,208 Conn. 146. Applying this test this court cannot say that decision of the ZBA is illegal.
The ZEO's and the ZBA's determination that the decision reached by Judge Cretella was a final judgment upon the merits without fraud or collusion, by a court of competent jurisdiction and that the previous decision was CT Page 3532 conclusive of the facts and issues that were litigated as to these parties is correct. The parties were the same, the issue was the same. The reliance of the ZBA upon this decision is not unreasonable, arbitrary or illegal.
The plaintiff additionally argues that the ZEO and the ZBA were mistaken when they ruled that P.A. 89-277 could not be applied retroactively. This claim is easily resolved. Sec. 55-3 of the Connecticut General Statutes states that legislation is intended to operate perspectively.
P.A. 89-277 is not merely procedural, it affects substantive rights and is a substantial change from the laws it replaced. Statutes which effect substantial changes in the law do not apply in pending actions unless it clearly and unequivocally appears that such was the legislative intent. Sherry H. v. Probate Court, 177 Conn. 93. P.A. 89-277 contains no language that indicates that it should be applied retroactively.
The ZBA acted correctly when it affirmed the denial of the plaintiff's application based upon the conclusion that P.A. 89-277 could not be applied retroactively to a previously litigated final decision on this issue.
The second claim of the plaintiff that ZBA's decision "violates" P.A. 89-277 is found to be without merit by virtue of this court's holding that the ZBA's decision not to apply P.A. 89-277 retroactively is the correct decision upon the law.
The third claim of the defendant that his property rights were taken away without regard to his state and federal guarantees of substantive and procedural due process rights were also raised in his appeal to the Supreme Court of the State of Connecticut and its decision in Essex Leasing, Inc. v. Zoning Board of Appeals, 206 Conn. 595 is res judicata on this issue.
The fourth claim of the plaintiff that the amendment adopted by the Essex Zoning Commission "violates" P.A. 89-277 is rendered moot by virtue of this court's ruling on the earlier issues. In land use appeals, the moot question doctrine can arise in several situations. The basis for the rule is that the existence of an actual controversy is an essential prerequisite for a decision on a case, and courts should not decide moot questions where no practical relief can follow from the decision. McCallum v. Inland Wetlands Commission, 196 Conn. 218, 225. Although there are CT Page 3533 exceptions this case does not present the factual situation necessary to ignore that doctrine.
Finally the plaintiff claims that the Essex Zoning Regulations as adopted violate his substantive and procedural due process rights and constitutes an unlawful taking in violation of the state and federal constitutions. The plaintiff has devoted one short paragraph to this claim. The plaintiff's analysis of this claim is not sufficiently detailed so as to facilitate the "study and reflection" ordinarily required for constitutional adjudication. Scheyd v. Bezrucik, 205 Conn. 495, 505 (1987). This claim will, therefor, not be reviewed.
The plaintiffs' appeals therefore, are denied.
O'KEEFE, J.