[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Zoning was adopted in the Town of Wallingford on November 7, 1958. At the time of the adoption of zoning by the town, the property known as 865 East Center Street was a validly existing four unit apartment building located in a zone that permitted five apartments.
Prior to 1958, the property had been owned and occupied by Mary Choti. Mrs. Choti died in 1962 and the property was sold by her estate to Norman F. Fishbein and the plaintiff herein, David M. Fishbein, on November 27, 1964. The records of the estate show four incomes were being received from the property and the city directory for that year shows four tenants in the property.
The property was owned by Norman Fishbein and David Fishbein from 1964 until October 1, 1976 when Norman Fishbein's interest was sold to Johanna Fishbein. Johanna's interest was conveyed to the plaintiff David Fishbein on July 1, 1987. When David Fishbein acquired a 100% interest in the property in 1987 the property had deteriorated to the point where only one apartment was being rented.
On January 30, 1987, David Fishbein applied for a building permit and the building inspector issued a permit for a three unit apartment building.
In 1964, when the plaintiff first acquired an interest in the building, he did not know the history of the building, i.e., that it had been built and occupied as a four unit structure. The plaintiff had no knowledge that the building had once been a four unit structure until 1993 when he met Mr. Joseph Choti and learned the history of the structure.
PROCEDURAL HISTORY
After learning in 1993 that the building had once been a valid nonconforming four unit structure, and after supplying various affidavits, probate records, and city directory records, the plaintiff applied to the zoning enforcement officer for a permit to reconstruct the four family structure. The enforcement officer CT Page 8361 took the position that the passage of time and the nonuse of the fourth unit resulted in an abandonment of the fourth unit so that Mr. Fishbein had lost any claim that he might have had to a nonconforming four unit dwelling. The enforcement officer, in a letter dated July 22, 1994, further indicated that by accepting a building permit in 1987 for three units Mr. Fishbein abandoned any claim to a four unit structure. Section 6.13A.2 of the regulations of the Town of Wallingford specifically provides that once a nonconforming use is changed to a conforming use it cannot be changed back to a nonconforming use. It was the zoning enforcement officer's position that in accepting the permit for a three unit structure, Mr. Fishbein was converting the previous four unit nonconforming structure to a conforming three unit structure.
When the zoning enforcement officer refused to issue a permit for a four unit structure, Mr. Fishbein appealed to the zoning board of appeals. That board refused to overrule the interpretation of the zoning enforcement officer and this appeal ensued.
AGGRIEVEMENT
The evidence produced at trial is sufficient to show that the plaintiff, David Fishbein, is the owner of the subject property at 88 Center Street, Wallingford and accordingly he is aggrieved.
ISSUES
This appeal raises three issues:
1) Was the conduct of the hearing of Mr. Fishbein's appealconsistent with Connecticut Principals of Procedural Due Processand Substantial Justice?
 2) Is the position advanced by the enforcement officer andadopted by the commission, that the property was converted from anonconforming use to a conforming use supported by the record?
 3) Is there sufficient evidence of abandonment of anynonconforming use to satisfy the requirements of ConnecticutGeneral Statutes § 8-2 which requires proof of intention of theowner to abandon?
DISCUSSION CT Page 8362
1) Was the conduct of the hearing of Mr. Fishbein's appealconsistent with Connecticut Principals of Procedural Due Processand Substantial Justice?
The grounds for appeal appear to resolve into two distinctive claims. First, it appears to be the procedure in Wallingford for the zoning enforcement officer or staff to provide a relatively complete file to members of the commission prior to the hearing itself. This file may contain correspondence received on the matter. This presents the opportunity for correspondence, which may be double or triple hearsay, to be in the record prior to the commencement of the public hearing. In the instant case, the court is not prepared to find that making evidence available to the commission prior to the commencement of the hearing is so prejudicial as to warrant reversal of the commission's actions. However, it would appear to the court that the better practice would be to make evidence — available to members for the first time at the hearing and not to mail a package of evidence to members prior to the commencement of the public hearing.
Specifically, with regard to the advance information provided to commission members, the plaintiff objects to record exhibit 14, a letter from Uria Fishbein to Thomas M. Talbot. That letter read as follows:
 I have taken the liberty of responding to your letter as my son, Norman Fishbein and my wife Johanna Fishbein were in-active co-owners of this property with the present owner. I operated the property for the co-owners.
 We purchased the property in early 1965 from the Choti family. It was set up and sold to us as a three family dwelling. It continued to be rented out and operated as a three family dwelling from 1965 to July 1, 1987 when Johanna Fishbein sold her interest in the property to the present owner.
 We had no knowledge that this dwelling was set up to be used as a four family dwelling prior to or during our co-ownership.
The plaintiff takes particular exception to the above quoted letter because it is undisputed that Uria Fishbein did not in fact CT Page 8363 own the property. However, it is also undisputed that the plaintiff David Fishbein had no knowledge of the previous four family use of the property until his conversation with a member of the Choti family in 1993. Accordingly, the court finds no substantial harm in the introduction of the Uria Fishbein letter into the record of the administrative proceeding.
2) Did the plaintiff convert the nonconforming use to theconforming use and/or abandon the nonconforming use?
Essentially the plaintiff makes the same argument in response to the town's claims of abandonment and, of bringing the property into conformity. The plaintiff claims that the property was a validly existing four family nonconforming use upon the effective date of the adoption of zoning in the Town of Wallingford. This claim appears to be admitted by the town at least for the purposes of this appeal. The plaintiff then claims that between 1964 and 1987, because of co-ownership, the plaintiff had no ability to renovate the property to return it to a use as a four family dwelling. The plaintiff further claims that from 1987 until 1993 the plaintiff had no ability to institute a use as a four family property because he did not know it had been a four family property until his discussion with a member of the Choti family in 1993.
The plaintiff appears to claim that he cannot abandon a nonconforming use of which he is unaware nor can he bring a nonconforming use of which he has no knowledge into conformity so as to lose the benefit of the nonconforming use by reason of the operation of § 6.13A.2 of the local regulation.
In essence the plaintiff argues that there was a four family nonconforming use in 1958 but that he was unaware of this nonconforming use until 1993. Therefore, any actions taken by him between 1958 and 1993 should be disregarded in examining the status of the property.
Although it is now clear in Connecticut that abandonment cannot result from the mere passage of time and is a matter of intention, intent to abandon may be inferred as a fact from the surrounding circumstances, Blum v. Lisbon Leasing Corporation,173 Conn. 175, 182 (1977). Abandonment and discontinuance are words of equal meaning when used in zoning ordinances or in a land use context, Magnano v. Zoning Board of Appeals, 188 Conn. 225, 228
(1982). Abandonment of a nonconforming use requires a showing of a voluntary and intentional renunciation of the use. Blum v.CT Page 8364Lisbon Leasing Corporation, 173 Conn. 175, 182 (1977); Cummings v.Trip, 204 Conn. 67, 93 (1987).
Abandoning a nonconforming use or bringing the use into conformity would appear to be opposite sides of the same coin. The plaintiff in the instant case makes the admittedly ingenious argument that one cannot abandon a right which one does not know exists. This court is simply not prepared to extend the requirement for intentional abandonment to a fact pattern where a 1964 nonconforming use, never used by the present claimant, can exist and be protected for 29 years between 1964 and 1993 simply because its existence is unknown to the owner of the property. The court holds that it is not necessary to reach the issue of abandonment because the plaintiff did in fact bring the property into conformance and § 6.13A.2 resolves this appeal. Nevertheless, there is support for the argument that the fourth unit had been abandoned. David Fishbein did not find a fourth unit when he bought the property in 1964. Uria Fishbein states that it was a three family unit at the time of the purchase. While Uria's statement may be hearsay, the fact that it was a three family unit is conceded by the plaintiff. The physical layout of the property in 1970 and 1985 establish only three bedrooms. Record Exhibit 11.
The court finds that the abandonment of the nonconforming use may be inferred from the circumstances surrounding this transaction. The use either was abandoned by or never existed in David Fishbein. Any rights to use a nonconforming use were forfeited by the plaintiff when he brought the property into conformity by taking out a three family building permit on November 30, 1987.
The appeal is dismissed.
The court by,
Kevin E. Booth, Judge