[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this administrative appeal, the plaintiffs, Lee A. Willman, Verner E. Mettin, John R. Boehme, Mary M. Boehme, Glenn Monroe, John v. Magnano, Sheryl S. Magnano, and Kathleen K. Phaff, challenge the defendant's (the Zoning Commission of the Town of Westbrook) approval of a site plan application submitted by the co-defendant, Westbrook Donuts, Inc. The commercial property involved, which has a litigious pedigree,[1] is located in an area zoned for residential use.
For the reasons that follow, the plaintiffs' appeal is dismissed.
 Factual and Procedural Background
On April 13, 1998, Westbrook Donut, Inc., submitted a site plan application for approval from the town's zoning commission for the operation of a Dunkin' Donuts franchise at 977 Boston Post Road in Westbrook, Connecticut. (Return of Record [ROR], Item #1: Application for Site Plan.) After substantial CT Page 9468 consideration and extensive public comment, the commission approved the site plan on June 23, 1998. (ROR, Items #40, #41, #42, #43, and #44: April 28, 1998, May 5, 1998, May 12, 1998, May 26, 1998, and June 23, 1998, Minutes.) The board published notice of its decision on June 30, 1998, in the Pictorial Gazette.(ROR, Item #38: Legal Notice).
On July 10, 1998, the plaintiffs filed an appeal with the superior court and properly served the respective defendants, including the town clerk and chair of the zoning commission. (Plaintiffs' Appeal.) The zoning commission filed an answer and return of record on October 9, 1998. (Defendant's Answer.) The plaintiffs, on November 10, 1998, filed a brief in support of their appeal. (Plaintiffs' Brief.) On December 10, 1998, Westbrook Donuts, Inc. submitted a brief in opposition to the plaintiffs' appeal, which the zoning commission adopted. (Defendants' Brief.) Westbrook Donuts, Inc. subsequently filed an answer on April 9, 1999. (Co-defendant's Answer.) On April 12, 1999, the court conducted a hearing on this administrative appeal.
Section 8-8 of the General Statutes governs zoning appeals and mandates that the parties strictly comply with the relevant statutory provisions. Simko v. Zoning Board of Appeals,206 Conn. 374, 377, 538 A.2d 202 (1988).
 Aggrievement
Pursuant to General Statutes § 8-8 (b). "any person aggrieved by any decision of a board may take an appeal to the superior court." For purposes of § 8-8 (b), an aggrieved party "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1).
The property in dispute is located at 977 Boston Post Road, Westbrook, Connecticut. (ROR, Item #1.)
Each of the plaintiffs has alleged aggrievement. (Plaintiffs' Appeal, ¶¶ 1-5.) On April 12, 1999, during a hearing conducted by the court the parties stipulated to aggrievement; in addition, Lee Willman testified and submitted evidence that the properties of the plaintiffs abut or lie within 100 feet of 977 Boston Post Road. CT Page 9469
The plaintiffs have established aggrievement.
 Timeliness and Service of Process
An administrative appeal must be "commenced by service of process within fifteen days from the date the notice of the decision was published." General Statutes § 8-8 (b).
The board published notice of its decision in PictorialGazette on June 30, 1998. (ROR, Item #38.) On July 13, 1998, Tanya Lane, Clerk for the Town of Westbrook and Toni Nolder, Chair of the Zoning Commission of the Town of Westbrook, were each individually served with the plaintiffs' appeal. The plaintiffs served the owner of Westbrook Donuts, Inc., Jose Calhela, on July 14, 1999.
The plaintiff has timely served the proper parties.
Accordingly, the court has jurisdiction to hear and decide this appeal.
 Standard of Review
Chapter 124, Zoning, of the General Statutes sets forth the functions and responsibilities of zoning commissions. Section § 8-3 (g) specifically addresses site plan applications, the pertinent part of which states: "The zoning regulations may require that a site plan be filed with the commission . . . to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. . . . A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations."
Article VI, § 6.00.00 et seq., of the Town of Westbrook Zoning Regulations, provides the relevant of provisions governing site plan reviews. (ROR, Item #45: Regulations, p. 6-1 —6-3.)
The commission, in reviewing the site plan application acts in an administrative capacity; Norwich v. Norwalk Wilbert VaultCo., 208 Conn. 1, 12, 544 A.2d 152, 157 (1988); and the trial court, on appeal, determines, on the basis of the record, whether substantial evidence exists to support the commission's decision.Mobil Oil Corp. v. Zoning Board of Appeals, 35 Conn. App. 204, CT Page 9470 209, 644 A.2d 401 (1994).
"When an agency undertakes consideration of a site plan application, it has no independent discretion beyond determining whether the plan complies with the site plan regulations and applicable zoning regulations incorporated into the site plan regulations by reference." Barberino Realty Development Corp.v. Planning Zoning Commission, 25 Conn. App. 392, 397,594 A.2d 1025 (1991). Nevertheless, the commission enjoys reasonable discretion in interpreting and applying its zoning regulations to the facts of each case. Gorman Construction Co. v. Planning Zoning Commission, 35 Conn. App. 191, 195, 644 A.2d 964 (1994). "[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." (Brackets in original; internal quotation marks omitted.) Sweetman v. State Elections Enforcement Commission,249 Conn. 296, 332, ___ A.2d ___ (1999).
When a commission fails to state the reasons for its decision the court must search the record to determine if there exists a basis for the commission's decision. Paige v. Town Plan ZoningCommission, 235 Conn. 448, 464, 668 A.2d 340 (1995). A court may not, however, substitute its "judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised [.] Raczkowski v. Zoning Commission, 53 Conn. App. 636,640, ___ A.2d ___ (1999), quoting Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 206, 658 A.2d 559 (1995).
The plaintiffs bear the burden of demonstrating that the commission acted improperly; Bloom v. Zoning Board of Appeals,
supra, 233 Conn. 198, 206; and the court is "limited to determining whether the commission's conclusions of fact were unreasonable, arbitrary, illegal or an abuse of discretion'" (Internal quotation marks omitted.) Sweetman v. State ElectionsEnforcement Commission, supra, 249 Conn. 296, 332.
 Discussion
The plaintiffs assert that the commission cannot approve Westbrook Donut's site plan application because it involves a use not permitted in the applicable zone; that the commission erred in concluding that the property owner has a valid, nonconforming use and; lastly, that the commission failed to recognize that the application proposes an illegal change from the previous, CT Page 9471 nonconforming use.
A review of the record reflects that the commission received substantial legal advice from all parties involved in this appeal prior to rendering its decision. (ROR, Items #17, 29, 34: Memoranda of Law from Duncan J. Forsyth, attorney for the commission; ROR, Item #30: Memorandum of Law from William A. Childress, attorney for Westbrook Donuts, Inc.; and Item #36: Memorandum of Law from Peter M. Sipples, attorney for the plaintiffs.)
The commission approved the site plan application by a 3-2
vote. It did not, however, explicitly state its reasons for doing so. (ROR, Item #44, p. 8.) Nevertheless, the commission's actions support the conclusion that the proposed site plan application meets all applicable zoning regulations. CRRA v. Planning Zoning Commission, 46 Conn. App. 566, 573, 700 A.2d 67 (1997).
The plaintiffs first argue that the commission acted illegally in approving the site plan application because Westbrook Donuts, Inc. proposes a commercial use in an area zoned as a medium density residential district (MRD). (ROR, Items #1, #45, p. 4-5 and #46: Zoning Map. ) Given the commission's conclusion regarding the nonabandonment of the pre-existing nonconforming use, addressed below, this point merits little discussion.
"[Z]oning regulations cannot bar uses that existed when the regulations were adopted; General Statutes 8-2; . . . [moreover, a] lawfully established nonconforming use is a vested right . . . entitled to constitutional protection[.]" (Internal quotation marks omitted.) O G Industries, Inc. v. Planning ZoningCommission, 232 Conn. 419, 430, 655 A.2d 1121 (1995). Uses that predate the enactment of zoning regulations are permitted and protected by the constitution, authorized by General Statutes § 8-2, and allowed under the town's zoning regulations. Id. and Regulations, § 2.10.04. The town's zoning regulations grant the commission authority to approve site plans for all permitted uses, including valid, nonconforming uses. Regulations § 6.00.00 et seq.
Westbrook originally enacted its zoning regulations on August 28, 1956. At that time, an Arco gas station operated on the property. This use qualified the property as nonconforming — a status that protects its use from subsequent CT Page 9472 restrictive zoning ordinances. A later change in business use, from a "filling station" to a "fast food restaurant" was deemed by the zoning board of appeals to be a permissible continuation of the original, non-conforming use. The Supreme Court upheld the zoning board of appeals' decision. (ROR, Item #8: Magnano v.Zoning Board of Appeals, 188 Conn. 225, 449 A.2d 148 [1982] and #45, § 2.10.05 [Changes to Non-Conforming Uses], p. 2-1.)
Uses rendered nonconforming by the adoption of zoning regulations are, nevertheless, subject to applicable regulations to the extent that those zoning regulations do not diminish or destroy the nonconforming use. Regulations, § 2.00.00. The town's zoning regulations require a site plan application for proposed uses involving restaurants; see, e.g., § 4.113.02. Both § 6.00.00 et seq. of the Regulations and General Statutes § 8-3 (g) mandate that the commission review all site plan applications.
The court concludes that, as a matter of law, the commission had authority to review the site plan application submitted by Westbrook Donuts, Inc.
Even if the commission may review site plans for nonconforming properties, the plaintiffs contend that they could not do so for this property. The plaintiffs dispute the validity of the property's continued nonconforming status. The plaintiffs allege that the previous property owner abandoned the nonconforming use and argue that the current owner cannot reclaim it. The commission, however, determined that the nonconforming use had not been abandoned. (ROR, Item #44, p. 8.)
"Abandonment in this jurisdiction is a question of fact . . . It implies a voluntary and intentional renunciation but the intent may be inferred as a fact from the surrounding circumstances." (Citations omitted; internal quotation marks omitted.) Blum v. Lisbon Leasing Corporation, 173 Conn. 175, 182,377 A.2d 280 (1977).
The plaintiffs claim that a prior owner of the property, William Hackley, did not intend to continue using the property as a restaurant. (ROR, Item #36: Affidavit of Lee A. Willman.)
As mentioned previously, in 1979, Kenneth J. Ward, Jr., owner of the property, sought a permit to converted its use from a gas station to a restaurant — a nonconforming use authorized by CT Page 9473 the town's zoning board of appeals and upheld by the Magnano court. (ROR, Items #7: Affidavit of Kenneth Ward and #9.) In 1986 Ward sold the property to Hackley but regained title four years later through a foreclosure sale. (ROR, Item #44, P. 7.) Throughout the 1980's and 1990's, owners or lessors of the property operated various restaurants on the premises; the most recent, "Tiezzi's Restaurant," ceased operation in 1997. (ROR, Item #8: Uses of the Property.)
By affidavit, Ward stated: "I have never abandoned or had any intent to abandon the use of the property as a restaurant offering both sit-down and take-out service. (ROR, Item #7.)
Substantial evidence in the record supports the finding that there has been no intentional, voluntary abandonment of the nonconforming use of this property.
Finally, in their last claim, the plaintiffs assert that even if the property continued as a valid, nonconforming use, the commission erred in approving the site plan application because Westbrook Donut's proposed use illegally expands upon that prior, valid nonconforming use.
This final contention involves a distinction between an intensification of use, which is allowed, versus a change in the nonconforming use, which is not permitted. Bauer v. WasteManagement of Connecticut. Inc., 234 Conn. 221, 243,662 A.2d 1179 (1995). An "increase in the amount of business done pursuant to a nonconforming use is not an illegal expansion of the original use. . . . There must be a change in the character of the existing use in order to bring it within the prohibition of the zoning ordinance." (Citations omitted; internal quotation marks omitted.) Zachs v. Zoning Board of Appeals, 218 Conn. 324,331, 589 A.2d 351 (1991). "The legality of an extension of a nonconforming use is essentially a question of fact." (Internal quotation marks omitted.) Connecticut Resources Recovery Auth. v.Planning Zoning Commission, 225 Conn. 731, 744, 626 A.2d 705
(1993).
Over the past two decades the property has been used by restaurateurs serving sit-down and take-out meals (i.e., fast food). (ROR, Item #8.) Comments made during one of the public hearings indicates that the proposed Dunkin' Donuts will sell beverages and baked goods in addition to coffee and donuts. All of these items may be consumed on the premises; the site plan for CT Page 9474 the proposed Dunkin' Donuts includes 50 seats for patrons to eat their food in the restaurant. (ROR, Item #2: Statement of Use and #40, p. 8.)
Substantial evidence in the record supports the finding that the proposed use as a does not change the character of the property's nonconforming use or create an illegal expansion of this use.
 Conclusion
Accordingly, the decision of the zoning commission of appeals is affirmed and the appeal of the plaintiffs is dismissed.
It is so ordered.
By the court.
McLachlan, J.