[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Gregory T. Brick and Amy Brick appeal from a decision of the defendant Woodbury Zoning Board of Appeals ("board") approving the application of the defendant, Woodbury Storage LLC ("Woodbury Storage"), for a special exception. The board acted pursuant to General Statutes § 8-6, and the plaintiff's appeal pursuant to General Statutes §8-8. For the reasons stated below, the court finds the issues in favor of the defendants.
In order for the court to hear this appeal, the plaintiffs must be aggrieved. An aggrieved person includes one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision. " General Statutes § 8-8 (a) and (b). Based upon the unopposed testimony of the plaintiff Gregory T. Brick and the documentary evidence showing the plaintiffs' property directly across from the subject property, the court finds that the plaintiffs have established themselves as aggrieved persons.
This action was brought on July 6, 2001, in two counts. The second count, which alleged a claim under General Statutes § 22a-16, was stricken on September 6, 2001. The return of record was filed on September 17, 2001; the plaintiffs filed a brief on December 3, 2001, the defendant Woodbury Storage filed a brief on January 2, 2002, and the CT Page 2646 defendant board filed its brief on January 3, 2002. Trial took place on February 4, 2002. A motion to supplement the record to add a site plan and architectural plan was granted on February 4, 2002. At the time of the hearing, the parties agreed to a new Section 10 of the Woodbury Zoning Regulations effective April 1, 1998, in place of that submitted in the Return of Record as Exhibit H (Return of Record (ROR), Ex. H).
The procedural history of the underlying action is not in dispute and is found in the record. By an undated application, the defendant Woodbury Storage sought a special exception for change of use from one non-conforming use to another non-conforming use. The application alleged that the new non-conforming use would be less intense (ROR Ex. H). The board provided notice of a public hearing on the application for May 22, 2001, and continued on June 5, 2001. On June 18, 2001, the board issued a decision approving Woodbury Storage's application:
 NOW THEREFORE be it resolved that the ZONING BOARD OF APPEALS hereby approves a Special Exception for a change of use to remodel the existing structure and make other site changes for use as a self storage facility as described in the application and on site plans date April 18, 2001 and architectural renderings dated May 29, 2001 with the following conditions:
 1. Structural renovations and site alterations shall be as depicted on site plans and drawings referenced above, including landscaping, vertical metal building siding, down-directed lighting, and exterior features, although the personal access door at the southern end of the building may be removed if authorized by the Woodbury Building Inspector.
 2. Air Conditioning equipment shall be installed behind the building.
 3. No storage is permitted outside of the building for any purpose for longer than 24 hours for any given article.
 4. No vehicles, hazardous materials subject to Connecticut Department of Environmental Protection regulation, or flammable materials shall be permitted in storage units.
5. Hours of operation shall be limited to 8:30 A.M. to 6:00 P.M. Monday through Friday and 7:00 A.M. CT Page 2647 to 6:00 P.M. Saturday. The facility shall be closed on Sunday.
 6. Any signs shall comply with Woodbury Zoning Regulations and shall not be lighted.
 7. A vegetation buffer maintenance and enhancement plan for the extent of the river bank on the subject property shall be provided to the Town Planning Office prior to the issuance of a Zoning Permit.
 8. An A-2 as built survey of the property showing all structures, access, parking, and associated facilities shall be submitted to the Town Planning Office for approval prior to the issuance of a Certificate of Occupancy of final sign-off by the Woodbury Building Inspector.
(ROR, Ex. G, pp. 1-2)
In this appeal, the plaintiffs raise a number of grounds to support a finding that the board's decision was arbitrary, illegal and an abuse of direction. Those grounds are: 1) the board failed to require a traffic study as part of the application, 2) the board failed to require an interior floor plan as part of the application, 3) the board failed to require the submission of four copies of a written description of the proposed use, four copies of detailed plans and four copies of preliminary architectural plans, 4) the board failed to consider and make specific findings as to the traffic volumes and overall impact on the neighborhood, 5) the board improperly considered previous proceedings, and 6) the record lacks evidence to support a decision that the previous non-conforming use was not abandoned.[1]
This court's scope of review in considering these claims is well established. It is limited to whether the board acted arbitrarily, illegally or unreasonably. If there is substantial evidence in the record to support the board's action, the action must be sustained. See PropertyGroup, Inc. v. Planning Zoning Commission, 226 Conn. 684, 697 (1993).
Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it CT Page 2648 has acted fairly or with proper motives or upon valid reasons . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs.
(Internal quotation marks omitted.) Raczkowski v. Zoning Commission,53 Conn. App. 636, 640, cert. denied, 250 Conn. 921 (1999), quoting Bloomv. Zoning Board of Appeals, 233 Conn. 198, 206 (1995).
Here the board's action in granting a special exception is under review.
 When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied. It has no discretion to deny the special exception if the regulations and statutes are satisfied.
(Internal citations omitted.) Quality Sand Gravel, Inc. v. Planning Zoning Commission, 55 Conn. App. 533, 537 (1999).
The Woodbury zoning regulations provide the following requirements for special exceptions:
 10.2 Special Exception or Permit Requirements: In any instance involving a use or uses requiring a Special Exception or Permit as set forth in these regulations, no land or water areas shall be used, nor uses altered or expanded in space, time or intensity, nor buildings or structures erected, altered, enlarged, or used until the Commission and/or Board shall grant a Special Exception or Permit as defined in this Section or amend a previously granted Special Exception or Permit. All requirements of this Section are in addition to the other requirements within these Regulations applicable to the proposed use in any district in which the Special Exception or Permit is to be located.
* * *
The Commission and/or Board may by resolution waive the submission of all or part of the information required under Section 9 and this Section with the CT Page 2649 exception of Section 9.2.8 if it finds the information is not necessary in order to decide on any application for change of use.
The plaintiffs make a number of claims that because the defendant Woodbury Storage failed to comply with procedural requirements under the regulations, the board's decision was illegal, arbitrary and unreasonable. Specifically, the plaintiffs argue that a traffic study was not submitted as required by § 10.2.3 of the regulations, that no interior floor plan was submitted as required by § 10.2.2(d), that no statement of proposed use was submitted as required by §§ 8.8.2 and 10.2.1; and that the defendant Woodbury Storage did not submit copies of detailed plans, architectural plans and proposed use statements as required by § 10.2.2.
As to procedural claims, this court is persuaded by the arguments of the defendants. Accordingly, the court finds that based on the record the board waived those requirements. Further, it is clear from the record that a statement of proposed use was submitted with the application and that the site plan submitted contained an interior floor plan. There was testimony as to traffic impact. The board waived the requirement for any further traffic study. For the foregoing reasons, the court finds the issues as to the procedural claims in favor of the defendants.
The plaintiffs also claim that the board failed to make necessary findings, improperly considered previous proceedings and improperly found that the previous nonconforming use had not been abandoned. In cases as here, where the zoning authority has set forth the reasons for its decision, the court "may only determine if the reasons given are supported by the record and are pertinent to the decision, and the authority's action must be sustained if even one of the stated reasons is sufficient to support it." (Internal quotation marks omitted.) Cybulskiv. Planning Zoning Commission, 43 Conn. App. 105, 111, cert. denied,239 Conn. 949 (1996).
In its June 18, 2001 decision, the board made the following findings:
WHEREAS, the Board finds that the proposed non-conforming use will not be more intensive than the previous non-conforming use as a result of conversion from a manufacturing facility, with associated truck traffic, production noises, effluent emissions, chemical use and storage, and staff commuting, to a self-storage facility with minimal staff, limited hours of operation, limited external activities, freshly refurbished building exterior, cleaned and CT Page 2650 landscaped site, and 6-12 vehicular visits per day; and
 WHEREAS, the Board does not find an intent to abandon the non-conforming use of the site based on the evidence presented in the public hearing, including the record of previous proceedings regarding this property before the Board, which document on going marketing attempts, site clean-up, retention of equipment and site remediation; and
 WHEREAS, the Board has carefully considered the application and information and comments provided at the Public Hearing: . . .
(ROR, Ex G, p. 1)
As to the claim of the lack of necessary findings regarding traffic volumes and overall impact on the neighborhood, the above explicit findings of the board are sufficient. The court rejects this claim.
The regulation governing the board's conduct in considering the issue of the proposed continuation of a nonconforming use provides,
 8.2 A nonconforming use may be continued, extended, or expanded as set forth below, changed to a conforming use or, with a Special Exception from the Zoning Board of Appeals, changed to another nonconforming use that is not more intensive in character than the existing nonconforming use. No nonconforming use which shall have been discontinued for a continuous period of one year shall thereafter be resumed or replaced by any other nonconforming use.
Under General Statutes § 8-2 zoning regulations "shall not provide for the termination of any nonconforming use solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use."
The court has read the entire record to determine if the board's finding that there was no intent to abandon the nonconforming use is reasonably supported by the evidence in the record. There is sufficient evidence in the record to support the board's finding. Reading the regulation to conform to the statute, in order for the board to find abandonment, it had to find that the prior owner of the property had intentionally discontinued the nonconforming use for a continuous period CT Page 2651 of one year. The evidence in the record supports the board's finding that the proposed nonconforming use would be less intensive and its finding that there was no intent to abandon the nonconforming use. There was evidence that while the prior owner's tube mill operation ceased in 1993, there were marketing attempts through 1998 and remediation efforts until Woodbury Storage purchased the property. See Magnano v. ZoningBoard of Appeals, 188 Conn. 225, 230 (1982).
The record does not support the claim that the board improperly considered previous proceedings in its determination on abandonment. There were excerpts of the minutes and transcripts from the prior proceeding entered in the record in this case that support the board's determination of no abandonment.
It is not the role of this court to substitute its judgment for that of the board. The court concludes that the board's decision is based upon honest judgment reasonably and fairly exercised after full hearing. The plaintiffs have failed to meet their burden of proof in asserting that the board acted improperly. Laurel Beach Assn. v. Zoning Board of Appeals,66 Conn. App. 640, 645 (2001).
Accordingly, this appeal is dismissed.
DiPentima, J.